# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARY H. WILLIAMS AND**                           **CIVIL ACTION**
**CHARLES H. WILLIAMS**

**VERSUS**                                              **No. 06-8127**

**ENCOMPASS PROPERTY AND**                 **SECTION "C"**
**CASUALTY COMPANY**

## ORDER

The Court previously ordered briefing on whether the jurisdiction amount existed at the time of removal (Rec. Doc. 4). The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional

minimum exists. *Id.*  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In response to the Court's order (Rec. Doc. 4), Encompass Property and Casualty Company ("Encompass") filed a memorandum that attempted to show that the jurisdictional minimum was met (Rec. Doc. 6).  To illustrate the amount in controversy, Encompass pointed to the plaintiffs' policy limit of $500,000 and attached a copy of the policy.  Encompass also asserted that the plaintiffs' request for attorneys' fees and penalties and damages for mental anguish catapults their claim over the jurisdictional minimum.

It is not facially apparent nor have facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal. The relevant inquiry concerns damage to the home, not the value of the policy.  Furthermore, the plaintiffs' petition

says that they claim "any and all damages," along with attorneys fees and penalties and emotional distress.  However, there are no facts which show what "any and all damages" means or the existence of emotional distress.  Also, the defendant must do more than point to the possibility of attorneys fees  and must present facts indicating the propriety of such penalties.

Thus, based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  *See*: *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 30th day of April, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE